[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11738

Non-Argument Calendar

_____

BRIAN D. SWANSON,

Plaintiff-Appellant,

*versus*

SECRETARY OF STATE, STATE OF GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:22-cv-00152-JRH-BKE

_____

2                        Opinion of the Court                        23-11738

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Brian D. Swanson, proceeding *pro se*, appeals the dismissal of his suit against the Georgia Secretary of State (Secretary), alleging that the 2022 United States Senate runoff election in Georgia was unconstitutional because the Seventeenth Amendment to the United States Constitution does not apply in Georgia.

"We review standing determinations *de novo*." *Tanner Advert. Grp., L.L.C. v. Fayette Cnty.*, 451 F.3d 777, 784 (11th Cir. 2006) (en banc). When plaintiffs lack Article III standing, "we lack jurisdiction to consider the merits of their claims." *Gardner v. Mutz*, 962 F.3d 1329, 1344 (11th Cir. 2020).

A plaintiff who invokes the jurisdiction of a federal court bears the burden to show the Constitutional limitations on standing: (1) an injury in fact, (2) a causal connection between the injury and the causal conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. *Tanner Advert. Grp., L.L.C.*, 451 F.3d at 791. "An injury in fact consists of an invasion of a legally protected interest that is both concrete and particularized and actual or imminent, not conjectural or hypothetical." *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (quotation marks omitted). "A concrete injury must be *de facto*; that is, it must actually exist, as opposed to being hypothetical or speculative." *Salcedo v. Hanna*, 936 F.3d 1162, 1167 (11th Cir. 2019)

(quotation marks omitted).  A "particularized" injury must affect the plaintiff in a personal and individual way; the injury must be "distinct from a generally available grievance about government." *Gill v. Whitford*, 138 S. Ct. 1916, 1923 (2018).

Here, Swanson claims he was "issued an illegal ballot" authorized by the Secretary, which could subject him to criminal prosecution for casting a "potentially illegal vote" in violation of 52 U.S.C. § 10307(c).  Swanson further states he could be penalized in the form of a $10,000 fine and up to five years of imprisonment "due to the [Defendant]'s illegal actions."  Swanson urges us to recognize that the runoff election was unconstitutional, and that he indeed has a "concrete and particularized injury traceable to the [Defendant]"—namely, the possibility of a fine and imprisonment for violating 52 U.S.C. § 10307(c).  This simply cannot be so.

The district court did not err in concluding that Swanson lacked standing because he failed to show that he suffered an injury in fact.  Swanson's allegation that the runoff election was unconstitutional amounts to nothing more than a generalized grievance against the government; he cannot describe how his desire to defend the Constitution differs from any of his fellow citizens.  Even assuming *arguendo* the runoff election was unconstitutional and Swanson could face prosecution as a result of participating, Swanson has not described how the *possible* criminal prosecution is a grievance undifferentiated from everyone else who voted in the election.  In sum, Swanson's alleged injuries do

4                    Opinion of the Court                    23-11738

not create standing because the alleged injuries are not concrete and particularized.

Because Swanson lacks standing, we lack jurisdiction to address issues surrounding the merits of his complaint. Accordingly, we affirm.

**AFFIRMED.**